STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **K.B., E.B., and L.B.**

**No. 15-0870** (Webster County 13-JA-52, 13-JA-53, & 13-JA-54)

## MEMORANDUM DECISION

Petitioner Father L.B. III, by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's May 28, 2015, order terminating his parental rights to ten-year-old K.B., eight-year-old E.B., and three-year-old L.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response and a supplemental appendix on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his improvement period and his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an amended abuse and neglect petition against petitioner alleging that he committed acts of domestic violence in the presence of the children. The DHHR also alleged that petitioner dragged K.B. by her hair. Finally, the DHHR alleged that petitioner admitted that he smoked marijuana. The following month, the circuit court held an adjudicatory hearing. Petitioner admitted that he smoked marijuana and tested positive for marijuana while the children where in his custody. The circuit court also heard evidence regarding petitioner's extensive history of committing domestic violence in the children's presence. By order entered October 17, 2013, the circuit court found that petitioner was an abusive and neglectful parent.

In October of 2013, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period required petitioner to

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

remain drug and alcohol free, submit to random drug screens, attend individual and family counseling, maintain a suitable home, and obtain employment.

Several months later, the circuit court held a hearing on the DHHR's motion to terminate petitioner's parental rights. The circuit court heard evidence that petitioner tested positive for methamphetamine on November 25, 2013, and suboxone on December 11, 2013. While the circuit court found that petitioner "violated the terms of his improvement period," by order entered March 3, 2014, the circuit court extended petitioner's post-adjudicatory improvement period for three months. The circuit court directed petitioner to complete an inpatient drug treatment program as an additional term of his improvement period. Upon its own motion, the circuit court placed the children back in petitioner's physical custody in July of 2014. Shortly thereafter, petitioner attempted to flee police officers with his children in the vehicle following an attempted traffic stop.

In September of 2014, the circuit court held a hearing on the DHHR's motion to revoke petitioner's improvement period and to terminate his parental rights. The circuit court heard testimony from a law enforcement officer and a service provider. At the conclusion of the hearing, the circuit court found that petitioner's attempt to flee from the police "show[ed] poor judgment and place[d] the children at risk" and that petitioner violated his improvement period. As such, the circuit court revoked petitioner's improvement period. However, despite these findings (and against any legal authority) the circuit court granted petitioner a one-year "post-dispositional rehabilitation period" by order entered October 16, 2014. In addition to all prior terms and conditions, the circuit court ordered petitioner to pay all fines and to seek reinstatement of his driver's license as part of his one-year post-dispositional rehabilitation period.

In February of 2015, the circuit court held a review hearing on the progress of petitioner's one-year post-dispositional rehabilitation period. At the conclusion of the hearing, the circuit court was "not impressed by [petitioner's] progress." Specifically, the circuit court found that petitioner "[was] less than candid about his current state of employment" and terminated his parenting classes because he failed to benefit from the classes. Despite these findings, the circuit court continued petitioner's one-year post-dispositional rehabilitation period by order entered February 20, 2015. The following month, the DHHR filed a motion to terminate petitioner's parental rights because he failed to comply with the terms and conditions of this improvement period.

In April of 2015, the circuit court held two dispositional hearings during which the circuit court heard testimony that petitioner failed to pay his fines and obtain his driver's license. The circuit court also heard testimony that petitioner choked K.B. in the presence of her siblings. At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the children's welfare required termination. By order entered on May 28, 2015, the circuit court terminated petitioner's parental rights to the children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in terminating his one-year post-dispositional rehabilitation period. We disagree. To begin, we note that the circuit court was without any statutory authority to grant petitioner a one-year post-dispositional rehabilitation period.[2] Nevertheless, pursuant to West Virginia Code § 49-6-12(h), "the court shall terminate any improvement period . . . when the court finds that [petitioner] has failed to fully participate in the terms of the improvement period." In the case sub judice, the circuit court was presented with sufficient evidence that petitioner failed to fully comply with his improvement period. As noted above, petitioner failed to pay all his fines or have his driver's license reinstated. Furthermore, the record is devoid of any evidence that petitioner completed an inpatient drug treatment program as directed in the circuit court's March 3, 2014, order. As such, we find no abuse of discretion in the circuit court's termination of petitioner's improvement period.

Petitioner also argues that the circuit court erred in terminating his parental rights. Pursuant to West Virginia Code § 49-5-6(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for

---

[2]We remind circuit courts that a one-year "post-dispositional rehabilitation period" is not authorized by the statutory laws governing child abuse and neglect proceedings. *See* Syl. Pt. 6, *In re Emily*, 208 W.Va. 325, 328, 540 S.E.2d 542, 545 (2000) ("At all times pertinent thereto, a dispositional improvement period is governed by the time limits and eligibility requirements provided by W.Va.Code § 49–6–2 (1996) (Repl.Vol.1999), W.Va.Code § 49–6–5 (1998) (Repl.Vol.1999), and W.Va.Code § 49–6–12 (1996) (Repl.Vol.1999).")

the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" In the case at bar, as explained above, despite being given an unauthorized one-year post-dispositional rehabilitation improvement period, petitioner made little progress. Petitioner failed to have his driver's license reinstated and pay all fines associated with his driver's license revocation. Further, the record is devoid of any evidence that petitioner completed an inpatient drug rehabilitation program as directed by the circuit court. While it appears that petitioner completed counseling services, the circuit court heard testimony that petitioner inappropriately discussed the underlying circumstances with the children. We have held that "the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Accordingly, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's May 28, 2015, order, and we hereby affirm the same.[3]

Affirmed.

**ISSUED**: February 16, 2016

---

[3]Even though we decided this appeal on its merits, we caution petitioner's counsel that we could have dismissed Petitioner Father's appeal for failure to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." In an Administrative Order entered on December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* Chief Justice Ketchum specifically noted in paragraph 7 that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

4

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II